UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| MICHELLE L. MCLAUGHLIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-263-B-W |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Plaintiff Michelle McLaughlin requests judicial review of the Defendant Commissioner's denial of her application for social security disability benefits, following upon denial of her administrative appeal by the Commissioner's Appeals Council. The Commissioner requests that the Court dismiss McLaughlin's claim for want of subject matter jurisdiction, arguing that McLaughlin failed to file her claim for judicial review within the applicable statute of limitations. For reasons that follow, I recommend that the Court grant the motion.

**Regulatory Background**

This civil action arises under 42 U.S.C. § 405(g). Pursuant to regulations issued by the Social Security Administration, civil actions for judicial review are to be commenced "within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . ." 20 C.F.R. § 422.210(c). The regulations specify that a claimant's receipt of notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id. The 60-day filing period is not jurisdictional, but rather amounts to a statute of

limitations and compliance with it is a condition imposed on the United States' waiver of sovereign immunity that must be strictly construed. <u>Piscopo v. Sec'y of Health & Human Servs.</u>, No. 93-2326, 1994 WL 283919, *3, 1994 U.S. App. Lexis 16155, *10 (1st Cir. June 27, 1994) (unpublished opinion).

**Facts**

The Commissioner seeks dismissal of this action because the notice it mailed to McLaughlin is dated April 16, 2010, and McLaughlin did not file her civil action until June 28, 2010. Using the regulatory presumption, McLaughlin would be deemed to have received the notice on Wednesday, April 21, which would trigger a filing deadline of Monday, June 21, 2008, making McLaughlin's filing seven days late. However, if McLaughlin makes "a reasonable showing to the contrary," she may overcome the presumption that she received the notice on April 21. 20 C.F.R. § 422.210(c). The issue in this case boils down to the reasonableness of the showing McLaughlin has made, given that the statute of limitations must be strictly construed by this Court.

In her original opposition to the motion, McLaughlin submitted an affidavit from Attorney Kerry Clark Jordan, McLaughlin's legal representative during administrative proceedings. Attorney Jordan attests in an affidavit that her firm date stamps all incoming mail and that the copy of the Appeals Council notice sent to her office bears a receipt date of April 30, 2010. (Jordan Aff., Doc. No. 8-2.)

In support of his motion, the Commissioner has submitted an affidavit from Marian Jones, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Doc. No. 7-1.) Ms. Jones's affidavit indicates that, "to the best of [Jones's] knowledge and

2

belief," McLaughlin's administrative file "shows that" the Appeals Council sent its notice to McLaughlin on April 16. (Jones Aff. ¶ 3(a), Doc. No. 7-1.) No further explanation or presentation concerning file contents, mail receipts, or other corroborating evidence is offered.

After reviewing the two competing affidavits, I issued an order to show cause. The order instructed McLaughlin to offer evidence of when she received the notice, observing that the date on which her counsel received the notice was not dispositive of the issue if McLaughlin herself received the notice on an earlier date. (Order to Show Cause at 2, Doc. No. 10.)

In response to the Order to Show Cause, McLaughlin submitted her own affidavit. In it, she attests that she did receive the notice, but that she does not recollect the date of receipt. However, she does recall that she spoke about her appeal to Attorney Jordan on Monday or Tuesday, May 3 or May 4. According to McLaughlin, she "knows" that this conversation "occurred within a few days after [she] received the Decision" because she was "anxious to know what might happen" and "would not have waited any longer to speak with [Jordan]." (McLaughlin Aff. ¶¶ 3-4, Doc. No. 11-1.)

Neither party requests an evidentiary hearing or limited jurisdictional discovery.

**Discussion**

In her memorandum in response to the Order to Show Cause, McLaughlin states that she "does not recall the date she received" the notice (Mem. in Response to Order to Show Cause at 2, Doc. No. 11), but maintains that her affidavit and Attorney Jordan's affidavit provide "a concrete, reasonable showing" that she received the notice "just before May 3 or May 4, 2010" (id. at 5). McLaughlin maintains that the reasonable inference is that she, too, received the notice on April 30, 2010. (Id. at 6.) She allows, however, that she might also have received it between Thursday, April 29, and Saturday, May 1. (Id. at 7.) All of these dates would bring

3

McLaughlin's June 28 filing inside a 60-day filing window. However, it is equally reasonable to infer that she might have received it on Tuesday, April 28 or even Monday, April 27. If she received on either of those dates, the appeal was filed after the expiration of the statute of limitations.

McLaughlin has simply not made a reasonable showing that the five-day presumption does not apply in this case and that she actually received notice on, or after, April 29, 2010. The date stamp submitted as evidence by Attorney Jordan corroborates Attorney Jordan's assurance that her firm date stamps all incoming mail. However, Attorney Jordan's receipt date of April 30 does not, in turn, corroborate the circumstantial evidence McLaughlin offers concerning the date on which she herself received the notice. It is simply impossible to reliably deduce whether or not McLaughlin received notice on or after April 29 and, therefore, I cannot reasonably ignore the five day statutory presumption that makes April 21 the presumed date of receipt.

The evidence presented by McLaughlin concerning her receipt date is not sufficient to rebut the regulatory presumption of receipt on April 21. Attorney Jordan's receipt date, her office's corroborating date stamp, and McLaughlin's vague personal recollections make it plausible that McLaughlin received the notice after April 21, but they do not make it probable that McLaughlin received the notice on or after April 29. I recognize that the Commissioner's evidentiary presentation is not particularly impressive, but the Commissioner does not bear any burden to support his motion and what he has submitted is sufficient, in the absence of a more reliable showing by McLaughlin, to give rise to the statutory presumption. Clearly the notice was sent, and there is no reason, based on this record, for me to simply assume that both Attorney Jordan's notice and McLaughlin's notice were both subject to the identical vagaries of the postal system. McLaughlin not only lacks any corroborating evidence that she personally

4

received the notice on or after April 29, but her affidavit also fails to identify the actual date of receipt.

Precedent in this Circuit, including Piscopo, supra (applying strict adherence where claimant swore she only checked her post office box weekly or biweekly) and Reed v. Barnhart, Civ. No. 04-206-B-W, 2005 WL 757862, 2005 U.S. Dist. Lexis 6049 (D. Me. Mar. 4, 2005) (involving rebuttal evidence limited to timing of representative's receipt of notice rather than claimant's), support my conclusion that the statute of limitations must be strictly construed and that plaintiff has not provided this Court with sufficient evidence to rebut the sixty-five day presumptive deadline.

**Conclusion**

Based on Plaintiff's evidentiary presentation, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 2, 2010